**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAWN V. JOHNSON                                                                            PLAINTIFF

v.                                              NO. 4:06CV1175-WRW

CELESTINA BRYSON,
CANDACE CONNERS,
UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES 6B/4A UNITS                                              DEFENDANTS

## ORDER

Pending is Defendants' Motion to Dismiss (Doc. No. 8).  Plaintiff has not responded.  For the

reasons set forth below, Defendants' Motion to Dismiss is GRANTED in Part and DENIED in Part.

Plaintiff, an African-American female, was employed as a patient care technician at the

University of Arkansas for Medical Sciences ("UAMS"), and, on April 21, 2006, was fired for

insubordination.[1]  Plaintiff filed a complaint with the Equal Employment Opportunity Commission

("EEOC"), charging that she was terminated because of her race and sex, and because of a disability

in violation of the Americans with Disabilities Act of 1990 ("ADA").  On August 29, 2006, the EEOC

issued its Dismissal and Notice of Right to Sue,[2] finding that Plaintiff was not disabled as defined by

the ADA and was fired for insubordination.  After exhausting her administrative remedies, Plaintiff,

acting *pro se*, filed a complaint asserting that she was subjected to a hostile work environment, race

discrimination, retaliation, and termination in violation of Title VII of the Civil Rights Act of 1964.[3]

---

[1]Doc. No. 2, p. 11.

[2]Doc. No. 2, p. 19.

[3]42 U.S.C. § 2000e *et seq.* ("Title VII"); Plaintiff did not raise an ADA claim in this suit.

A complaint, while construed in favor of the plaintiff,[4] must allege facts sufficient to state a

claim as a matter of law.[5]   Although *pro se* complaints are to be construed liberally, "they still must

allege sufficient facts to support the claims advanced."[6]   "[P]*ro se* litigants must set forth [a claim]

in a manner which, taking the pleaded facts as true, states a claim as a matter of law."[7]

Defendants' first argue that Plaintiff's Title VII claims against Bryson[8] and Conners[9] should

be dismissed because they are not "employers" as defined by Title VII.[10]   Plaintiff names Defendants

Bryson and Conners in her Complaint without specifying whether she is suing them in their official

or individual capacities.  "If the complaint does not specifically name the defendant in [her] individual

capacity, it is presumed [s]he is sued only in [her] official capacity."[11]   Individual employees cannot

be held personally liable under Title VII;[12]   however, individual state actors can be sued under Title

---

[4]*Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006); *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

[5]*Id*.

[6]*Id*. (*citing Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

[7]*Id*. (*citing Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

[8]Defendant Bryson is a Clinical Services Manager for UAMS.

[9]Defendant Conners is a Nursing Director for UAMS.

[10]42 U.S.C. § 2000e-2(a); See *Lenhardt v. Basic Inst. of Tech.*, 55 F.3d 377, 381 (8th Cir. 1995) (supervisors and other employees cannot be held liable under Title VII in their individual capacities).

[11]*Bray v. Douglas County, Nebraska*, No. 8:05CV36, 2006 WL 1507613 (D. Neb. May 30, 2006)(*citing Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998)).

[12] *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691 (8th Cir. 1997).

VII in their "official capacities."[13]  Moreover, a state agency is an employer under Title VII;[14] and

claims against the state and its agencies are not barred by the Eleventh Amendment.[15] Accordingly,

Plaintiff's Title VII claims against Defendants Bryson and Conners in their official capacities remain.

Defendant UAMS Units 6B/4A argues that it is not a proper party defendant because

individual hospital units are not separate legal entities capable of being sued. Defendant is correct.

"UAMS is the name of a campus which is a part of the University of Arkansas, an institution of higher

education established under Arkansas law."[16] "UAMS is not a separate institution or a corporate body

which has the capacity to sue or be sued."[17]   Therefore, all claims against UAMS or any of its

individual hospital units are dismissed for failure to state a claim upon which relief can be granted.

In conclusion, Defendants' Motion to Dismiss Plaintiff's Title VII allegations against the

individual defendant's in their "individual capacities" is GRANTED, but the claims against them in

their official capacities remain.  Defendant's Motion to Dismiss the Title VII claims against UAMS

is GRANTED.

IT IS SO ORDERED this 2nd day of November, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[13]*Novak v. Mackintosh*, 919 F. Supp. 870, 877 (D.S.D. 1996).

[14]*Becker v. University of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999).

[15]*Okruhlik v. University of Arkansas*, 255 F.3d 615 (8th Cir. 2001).

[16]*Assaad-Faltas v. University of Arkansas for Medical Sciences*, 708 F. Supp. 1026, 1029 (E.D. Ark. 1989).

[17]*Id.*